**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shateria Morse, | No. CV-22-00338-TUC-JGZ |
| Petitioner, | No. CR-20-00254-JGZ-BGM-1 |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

Pending before the Court is Morse's 28 U.S.C. § 2255 Motion to Set Aside, Vacate, or Correct Sentence. (Civ. Doc. 1; Crim. Doc. 215).[1] The motion is fully briefed. (Civ. Docs. 1, 3, 7–10.) For the following reasons, the Court will deny the motion.

**I.   Background**

In September 2016, Morse was arrested in Idaho by state law enforcement officers who alleged that Morse attempted to obtain controlled substances using forged or counterfeit prescriptions, which she fraudulently manufactured with a coconspirator. (Crim. Doc. 183 at 14–15.) Morse pled guilty to conspiracy to commit forgery and was incarcerated by the Idaho Department of Corrections. (*Id.*) After she was released on parole in November 2017, Morse absconded from Idaho, eventually relocating to Arizona. (*Id.* at 5, 14–15.) In 2018, the DEA and local law enforcement in Arizona investigated Morse for fraudulently manufacturing prescriptions to obtain controlled substances. (*Id.* at 5–6.)

---

[1] The Court cites documents from the docket in this civil case, CV-22-00338-TUC-JGZ, as "Civ. Doc." and documents from the docket in Morse's related criminal case, 20-CR-00254-JGZ-BGM-1, as "Crim. Doc."

In August 2018, Morse was found in Chicago, Illinois, and arrested on a warrant related to her Idaho conviction. (*Id.* at 15.) Morse was returned to the custody of the Idaho Department of Corrections to complete service of a one-year-determinate and five-year-indeterminate state sentence. (*Id.* at 5, 14–15.)

In 2020, while in state custody, Morse was charged by federal indictment for her criminal activity in Arizona in 2018. (Crim. Doc. 3 at 1.)

In April 2021, Morse was brought into federal custody pursuant to a writ of habeas corpus ad prosequendum to answer to the federal charges in Arizona. (Crim. Doc. 183 at 5.) While in federal custody, Morse pled guilty to knowingly and intentionally conspiring to fraudulently acquire a controlled substance. (Crim. Doc. 171.) In September 2021, this Court sentenced Morse to twelve months and one day for the offense. (Crim. Doc. 188.) After the sentencing, Morse was returned to the Idaho Department of Corrections to complete service of her state sentence.

Although Morse was temporarily in federal custody for five months, Morse did not receive federal credit for that time. (Crim. Doc. 183 at 15; Civ. Doc. 9 at 2.) She did, however, continue to receive credit towards her Idaho sentence. (*Id.*) In October 2022, after completing her state sentence, Morse was transferred into federal custody to begin service of her federal sentence of twelve months and one day. (Crim. Doc. 183 at 14–15; Civ. Doc. 7 at 2; Civ. Doc. 9 at 1.)

In her 28 U.S.C. § 2255 motion, Morse asserts an ineffective-assistance-of-counsel (IAC) claim, alleging her attorney was ineffective by failing to ask this Court to run her Idaho state sentence and her federal sentence concurrently. (Civ. Doc. 1.)

**II.    Discussion**

To prevail on an IAC claim, Morse must establish her counsel's representation (1) was deficient and (2) caused her prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice from counsel's alleged errors, Morse must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "If it is easier to dispose of an

ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. Here, the Court will deny Morse's § 2255 motion because she fails to establish her counsel's alleged error caused her prejudice.

Morse contends she was denied effective assistance of counsel because her counsel failed to argue for the application of Section 5G1.3 of the United States Sentencing Guidelines. (Civ. Doc. 3 at 7.) Section 5G1.3(b) requires a court to adjust and run concurrent "a term of imprisonment [that] resulted from another offense that is relevant conduct to the instant offense." Morse argues that her offense in Idaho was relevant conduct to her offense in Arizona, and thus her counsel should have argued that the Court apply Section 5G1.3(b) and impose the federal sentence concurrent to her Idaho sentence. (Civ. Doc. 3 at 12.) Morse contends that her counsel's failure to do so caused her prejudice. (*Id.*)[2]

The government argues that § 5G1.3(b) does not apply because Morse's conduct in Idaho and Arizona were separated by a term of imprisonment. (Civ. Doc. 7 at 2, 6.) In support, the government points to an example in Note 5(C) of § 1B1.3, which explains that two cocaine sales by the same defendant, involving the same accomplices and modus operandi, are not related conduct when the second sale occurs after the defendant's release from a state prison term related to the first sale. (Civ. Doc. 7 at 5.) According to the government, because Section 5G1.3(b) is not applicable, Morse fails to establish either prong of the *Strickland* test, as her counsel's failure to present a meritless motion could not have been deficient or caused her any prejudice. (*Id.*)

The Court agrees that Section 5G1.3(b) is not applicable. Section 5G1.3(b) references "relevant conduct . . . under the provisions of . . . § 1B1.3." Like Example 1 in

---

[2] Morse notes that the Court, at sentencing, directed that she receive credit for time served. (Civ. Doc. 9 at 2.) Because Morse did not receive *federal* credit for her time in custody on the writ of habeas corpus ad prosequendum, Morse contends this further demonstrates her sentence should be adjusted under § 5G1.3(b). (*Id.* at 2–3.) Morse's argument is flawed for two reasons. First, it is undisputed that she did receive credit towards her Idaho sentence for time served in federal custody prior to her federal sentencing. (Crim. Doc. 183 at 15; Civ. Doc. 9 at 2.) Second, pursuant to 18 U.S.C. § 3585, the Attorney General through the Bureau of Prisons, not the district court judge, determines how custodial time is credited. *United States v. Wilson*, 503 U.S. 329, 333 (1992).

Note 5(C) of the Application Notes under the Commentary to § 1B1.3, Morse's two offenses were separated by a months-long prison sentence in Idaho. They were also geographically distant. Morse's 2016 conspiracy in Idaho and 2018 conspiracy in Arizona were thus sufficiently distinct to fall outside § 5G1.3(b)'s required adjustment for relevant conduct. Consequently, Morse's attorney's failure to argue for application of § 5G1.3(b) was not deficient.

More importantly, Morse's counsel's failure to argue for a concurrent sentence based on § 5G1.3(b) would not have resulted in a different outcome for Morse. Although Morse's counsel failed to expressly cite to § 5G1.3(b), Morse's counsel did argue that the Idaho and Arizona offenses were one conspiracy—an argument similar to the "relevant conduct" argument Morse presents now. (Crim. Doc. 216 at 6.) The Court squarely rejected this argument, stating: "[Morse's counsel] calls it one conspiracy. It looks to me like it's just a new conspiracy in a new location that occurred a short time after release from incarceration." (Crim. Doc. 216 at 11–12.) It is clear from the record that, regardless of whether Morse's counsel argued for the application of § 5G1.3(b), the Court would not have run concurrently or otherwise adjusted Morse's federal sentence because it determined the two conspiracies were separate and unrelated.

Further, the Court specifically considered Morse's incarceration in Idaho at sentencing and concluded an additional adjustment reducing Morse's federal sentence was not appropriate. At sentencing, the government advised the Court that Morse's federal case in Arizona likely caused Morse to serve a longer prison sentence in Idaho and not receive parole. (Crim. Doc. 216 at 9–10.) The government also informed the Court that Morse, while temporarily in federal custody, would not receive credit towards her federal sentence. (Crim. Doc. 216 at 10.) For these reasons only, the government recommended a short sentence of twelve months, the low end of the plea agreement. (*Id.*) The government stated it would have asked for a significantly greater federal sentence if Morse was not serving the separate, longer term of imprisonment in Idaho. (*Id.*) After considering the government's comments and noting its concern about Morse's managerial role in the

conspiracy, the Court determined that an adjustment reducing Morse's federal sentence was not appropriate, stating:

> But in considering all of those things and the 3553(a) factors and [the government's] comments about the time that Ms. Morse has spent incarcerated, I am going to impose a sentence at the low end of the plea range. I don't think a variance is warranted in light of the history.

(Crim. Doc. 216 at 12.)

In sum, Morse has failed to establish that her counsel's representation, even if deficient, prejudiced her. *See Strickland*, 466 U.S. at 694. Had Morse's counsel expressly argued for the application of § 5G1.3(b), Morse's sentence would not have been different. Morse's two offenses did not warrant concurrent sentences—based on the application of § 5G1.3(b) or any other ground. At sentencing, the Court determined that Morse's offenses were sufficiently unrelated and factored Morse's Idaho sentence and role in the offenses into its decision to impose a separate, consecutive federal sentence of twelve months and one day. In addition, although Morse did not receive federal credit while temporarily in federal custody in 2021, she did receive credit for that time towards her Idaho sentence.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED:**

1. Morse's § 2255 Motion to Set Aside, Vacate, or Correct Sentence (Civ. Doc. 1; Crim. Doc. 215) is **denied** and **dismissed with prejudice.**

2. The Clerk of Court must enter judgment accordingly and close its file in this action.

Dated this 13th day of January, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge